IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 6:22cr961 |
| v. | |
| **BUBBA TECHNOLOGY GROUP, LLC** | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 21st day of November, 2022, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorney Derek A. Shoemake; the Defendant, **BUBBA TECHNOLOGY GROUP, LLC** (through its Principal Rod Clennon), and the Defendant's attorney, Mark C. Moore.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment and plead guilty to an Information charging Operation of an Illegal Gambling Business, in violation of Title 18, United States Code, Section 1955. In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1
*(Operation of an Illegal Gambling Business)*

A. First, that there was an illegal gambling business, as described in the Information;

B. Second, that the Defendant conducted, financed, managed, supervised, directed, or owned all or part of the illegal gambling business; and

C. Third, that the Defendant did so knowingly and intentionally.

The penalty for this offense is:

FINE OF **NOT MORE THAN $ 500,000.00 (OR TWICE GAIN)** (18 U.S.C. § 3571)
IMPRISONMENT FOR **NOT MORE THAN 5 YEARS** (18 U.S.C. § 1955(a))
PROBATION OF **1 TO 5 YEARS** (18 U.S.C. § 3561(c))
SPECIAL ASSESSMENT **$ 400.00** (18 U.S.C. § 3013)

2. The Defendant represents that its Corporate Representative, Rod Clennon, is a Principal in the Company and he has been authorized by Defendant's Board of Directors to enter into this Agreement on behalf of the Defendant.

3. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

   A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $400.00 for each felony count for which it is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

   B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by its scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

   C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant'' abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw their plea of guilty to the offense(s) enumerated herein.

### Forfeiture

5. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Information, and any forfeiture Bill of Particulars.

   A. <u>Proceeds / Forfeiture Judgment</u>:

   A sum of money equal to all proceeds the Defendants obtained directly or indirectly from the offense charged in this Information, that is, a minimum of $150,000.00 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of 18 U.S.C. § 1955.

   B. <u>Bank Accounts</u>:

   (a) $16,718.26 in Truist Account number x5833
       In the name of: Southland Consultants, LLC

   (b) $200,321.17 in TD Bank Account number x5814
       In the name of: Bubba Technology Group, LLC

   C. <u>Cash/United States Currency</u>:

   $150,000.00 in United States currency to be remitted to the government by the Defendants

With regard to the asset listed in the Information the Defendant stipulates and agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

> Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

6. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

7. The Defendant agrees that it will remit $50,000 at the time of sentencing, to be followed by $25,000 per quarter for an additional four quarters. This will satisfy the Defendant's forfeiture obligations.

8. With regard to machines and component parts seized in this case, within ten days of the filing of this Plea Agreement, the Government agrees to notify the South Carolina magistrate's court in Case Number 2021-CV-0410101572, the case relating to the machines and component parts, that a plea has been signed in the federal criminal matter, and the stay in that case may be lifted. In the event that the Defendant fails to comply with any of the provisions of this Agreement, the Government will have the right before any sentencing in this case to seek to have the stay reimposed.

**Merger and Other Provisions**

9. The Defendant and its Principal agree that it is illegal under South Carolina law to keep, operate, or distribute unlicensed gambling machines within South Carolina where a player receives cash payouts as a result of their play; and Defendant and its Principal agree not to engage in such conduct. The Defendant agrees that if the Defendant knowingly violates or fails to perform any obligation under this Agreement, the Government, in its sole discretion, may

withdraw from this Agreement. Whether the Defendant has violated the terms of this Agreement will be determined by the Court at an appropriate hearing where any of the Defendant's disclosures will be admissible, and the United States' burden is by a preponderance of the evidence.

10. The Attorneys for the Government agree to recommend that the Defendant, its owners, and its employees not be prosecuted for any similar or related state crimes stemming from the gambling operation alleged in the Information, so long as the Defendant and its Principals comply with the terms of this Plea Agreement. The Defendant and its Principals understand that this is only a recommendation and is not binding upon the South Carolina Attorney General's Office. Furthermore, the Defendant and its Principals fully understand that it has no right to withdraw its guilty plea should such recommendation not be followed by the South Carolina Attorney General's Office.

11. The Defendant represents to the Court that its duly authorized representatives have met with its attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with its attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and its attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in its own behalf, or to remain silent and have no adverse inferences drawn from its silence; and that the Defendant, with the

advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. The Parties agree that there is no need for a Presentence Investigation or a Presentence Report in this case as there is no need for the corporate defendant to be supervised in this case, restitution is not due in this case and the Parties have reached an Agreement as to the appropriate forfeiture in this case. The Parties therefore agree to waive their rights to the

preparation of a Presentence Report and request that the Court schedule this case for a plea and sentencing on the same day.

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11-17-22
Date

_____
BUBBA TECHNOLOGY GROUP, LLC,
Defendant

By: Rod Clennon, Principal

November 17, 2022
Date

_____
Mark C. Moore, Esquire
Attorney for **BUBBA TECHNOLOGY GROUP**

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

11/21/22
Date

_____
Lauren L. Hummel for
Derek A. Shoemake (Fed. ID # 10825)
Assistant United States Attorney